Dear Mr. Labat:
This office is in receipt of your request for an opinion of the Attorney General in regard to residency requirement of a Councilman. You indicate a recent fire destroyed the home of one of the members of the Terrebonne Parish Council. He and his family are now at a temporary residence until a decision can be reached regarding his new home. However, the Parish Charter provides in part as follows:
 A council member shall continue to be legally domiciled and to actually reside within the district from which elected during the term of office. Should the legal domicile and/or actual residence of a council member change from the district from which elected, unless changed by reapportionment, the office shall automatically become vacant, which vacancy shall be filled as set out hereinafter.
You ask whether the Councilman can temporarily live outside the district to which he was elected until a permanent residence may be secured?
We note that the charter provides "should the legal domicile and/or actual residence of a council member change from the district from which elected", the office shall become vacant. However, this office has noted that the Louisiana jurisprudence has consistently held that residence and domicile are not synonymous terms as persons may have several residences but only one domicile, Atty. Gen. Op. 91-241. Additionally, in the latter opinion this office observed as follows:
 Where an individual resides is thus a factual question, the determination of which must consider the individual's intention and the reasonableness of the circumstances. An individual may eat and sleep in one place, although he continues to reside in another place. Examples of this may be a vacation, a business trip, because the place where he resides temporarily becomes uninhabitable or because of other temporary circumstances, including marital circumstances. Whether he "actually resides" in a particular place, although he is for some time in fact absent from such place, will depend upon the extent of his continued contact and presence in that place, the expected duration of the absence and his intention to return to that place.
(Emphasis added)
It was then concluded the requirement of residency for district councilmen would require that a councilman who moves outside of his or her district do so only for a reasonably temporary period of time. A period of extended residence outside the district could manifest an intent to actually reside outside of the district which would violate the residence requirement, and the councilman would not continue to be eligible to hold his office.
Again in Atty. Gen. Op. 91-241 where a councilman moved out of his district because of marital problems, this office stated, "Whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case, but mere isolated facts cannot be relied on wholly to determine the question." It was stated that whether he "actually resides" in a particular place, will depend upon the extent of his continued contact and presence in that place, the expected duration of the absence and his intention to return to that place. While a reasonably temporary time outside of his district would satisfy residency, it was stated a period of extended residence outside the district could manifest an intent to actually reside outside the district which would violate the residence requirement of the City Charter.
Consistent with this reasoning was the observation in Atty. Gen. Op 83-587 that restoration of the home in the district of a candidate could be viewed as a bonafide attempt to establish a "habitual residence" in order to qualify at that location, and because of inconveniences of the restoration process, moving into the property before completion was not necessary. Upon actual movement into the restored house it would constitute the "habitual residence".
Similarly, in Atty. Gen. Op. 84-289 this office concluded the temporary and involuntary absence from one's home because of dangerous chemicals from a train derailment was not sufficient to cause a person to lose his status at the place of the vacant residence.
Your question is whether the Councilman may temporarily live outside the district to which elected, and we would conclude it is possible. The question of the councilman's residency depends upon the facts, and consideration should be given to the length of the absence, intentions to return and extent of continued contact during the absence. However, this office does not make factual determinations, but as noted earlier, a determination must be made on all the facts, and cannot be made on isolated facts. Moreover, inasmuch as intention is an element in establishment of residency, it would appear this is not yet resolved in light of the statement that the councilman is forced to find a temporary residence "until a decision can be reached regarding his new home." However, the temporary residency outside the district, does not in itself evidence a change of residence from his prior location within the district.
We hope this sets forth sufficient criteria in responses to your inquiry. If we can be of further assistance on questions of law, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr